IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT, <br> 1030 15th Street NW, B255 <br> Washington, DC 20005 <br><br> *Plaintiff,* <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br> 935 Pennsylvania Avenue NW <br> Washington, DC 20535 <br><br> *and* <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue NW <br> Washington, DC 20530 <br><br> *Defendants.* | Case No. 25-cv-3597 |

## **COMPLAINT**

1.      The Trump Administration has obfuscated and refused to provide transparency into Donald Trump's connections with convicted sex offenders Jeffrey Epstein and Ghislaine Maxwell, including whether Trump was ever interviewed by federal agents during the investigation into their criminal activity. Despite widespread public interest and continued revelations that the relationship between Epstein and President Trump was more robust than has been acknowledged, the Administration has largely stonewalled efforts to uncover the truth.

2.      During Trump's first term as President, it was already widely known that he had connections to Epstein and Maxwell.

1

3. Following Maxwell's arrest in 2020 on charges that she had aided Epstein's exploitation of children, Trump stated that "I wish her well, frankly. I've met her numerous times over the years . . . ."[1]

4. Trump subsequently defended this statement, stating in an interview, "Her friend or boyfriend was either killed or committed suicide in jail. . . . She's now in jail. Yeah, I wish her well. I'd wish you well. I'd wish a lot of people well. Good luck. Let them prove somebody was guilty."[2]

5. The reference to a "friend or boyfriend" was a reference to Epstein.

6. It was also reported in 2020 that Epstein had been a member of Trump's club, Mar-a-Lago, until a falling out in 2007.[3]

7. A 2002 feature on Epstein quoted Trump as saying, "I've known Jeff for fifteen years. Terrific guy. . . . He's a lot of fun to be with. It is even said that he likes beautiful women as much as I do, and many of them are on the younger side. No doubt about it — Jeffrey enjoys his social life."[4]

---

[1] Colby Itkowitz & John Wagner, *Trump Says of Jeffrey Epstein's Partner, Ghislaine Maxwell: 'I Wish Her Well,'* Wash. Post (July 22, 2020, 8:16 AM), https://www.washingtonpost.com/politics/trump-says-of-jeffrey-epsteins-partner-ghislaine-maxwell-i-wish-her-well/2020/07/21/dbc8df84-cba3-11ea-91f1-28aca4d833a0_story.html.
[2] *Trump Defends Wishing Ghislaine Maxwell 'Good Luck' in Prison*, Axios (Aug. 4, 2020), https://www.axios.com/2020/08/04/trump-ghislaine-maxwell-jeffrey-epstein.
[3] Kevin G. Hall, *Trump Says Epstein Was Never a Mar-A-Lago Member. He Was. New Book Tells What Got Him Exiled*, Miami Herald (originally published Aug. 4, 2020, updated Jan. 21, 2021, 1:46 PM), https://www.miamiherald.com/news/state/florida/article244689497.html.
[4] Landon Thomas, Jr., *Jeffrey Epstein: International Moneyman of Mystery*, N.Y. Magazine (Oct. 28, 2002), https://nymag.com/nymetro/news/people/n_7912/#print.

8. Throughout the 2024 Presidential campaign, Trump continued to comment publicly on the Epstein case, suggesting that he might release investigative files if elected.[5]

9. At the start of Trump's second term as President, Administration officials repeatedly stated their intention to be transparent about the Epstein investigation.

10. For example, Attorney General Bondi has stated that releasing the Epstein files is part of the Trump Administration's "commitment to transparency and lifting the veil on the disgusting actions of Jeffrey Epstein and his co-conspirators."[6]

11. Similarly, on February 27, 2025, Federal Bureau of Investigation (FBI) Director Kash Patel wrote on X (formerly Twitter) that: "The FBI is entering a new era—one that will be defined by integrity, accountability, and the unwavering pursuit of justice. There will be no cover-ups, no missing documents, and no stone left unturned . . . . If there are gaps, we will find them. If records have been hidden, we will uncover them. And we will bring everything we find to the [Department of Justice] to be fully assessed and transparently disseminated to the American people as it should be."[7]

12. However, since then, the Administration's conduct belies its stated commitment to transparency.

---

[5] Luke Broadwater, *A Timeline of What We Know About Trump and Epstein*, N.Y. Times (updated Sept. 8, 2025), https://www.nytimes.com/2025/07/17/us/politics/timeline-trump-epstein.html.
[6] Ryan Lucas, *DOJ Says No Evidence Jeffrey Epstein Had a 'Client List' or Blackmailed Associates*, NPR (July 7, 2025, 2:28 PM), https://www.npr.org/2025/07/07/g-s1-76367/doj-jeffrey-epstein-memo.
[7] Kash Patel (@Kash_Patel), X (formerly Twitter) (Feb. 27, 2025, 6:20 pm), https://x.com/Kash_Patel/status/1895252771370344590?lang=en.

13. In May 2025, Trump was told by Attorney General Pam Bondi that his name appeared in the Epstein files multiple times.[8]

14. On July 7, 2025, the U.S. Department of Justice (DOJ) and FBI released a two-page, unsigned memo (the "Epstein Memo") stating that the agencies had "conducted an exhaustive review of investigative holdings relating to Jeffrey Epstein."[9]

15. This was a new effort initiated after the current Administration took office.

16. The Epstein Memo stated that DOJ and FBI had found no "client list," no "credible evidence" that Epstein had "blackmailed prominent individuals as part of his actions," nor any "evidence that could predicate an investigation against uncharged third parties."[10]

17. The review was conducted by approximately 1,000 FBI personnel, who spent tens of thousands of hours on this effort.[11]

18. The personnel conducting this review were instructed to "flag" any records mentioning Donald Trump.[12]

19. However, despite this extensive review and the instructions to flag records mentioning Trump, the Administration has still failed to release records to shed light on whether Trump was ever interviewed by FBI as part of the investigation into Epstein and Maxwell.

---

[8] Sadie Gurman et al., *Justice Department Told Trump in May That His Name is Among Many in the Epstein Files*, Wall Street J. (July 23, 2025, 3:08 PM), https://www.wsj.com/politics/justice-department-told-trump-name-in-epstein-files-727a8038.

[9] U.S. Dep't of Just. & Fed. Bureau of Investigation, Memorandum (July 7, 2025), https://www.justice.gov/opa/media/1407001/dl?inline [hereinafter "Epstein Memo"]; *see also, e.g.*, Lucas, *supra* note 1.

[10] *Id.*

[11] *See* Letter from Richard J. Durbin, U.S. Senator, to Pam Bondi, Att'y Gen., U.S. Dep't of Just., at 2 (July 18, 2025), https://www.judiciary.senate.gov/imo/media/doc/2025-07-18%20RJD%20Letter%20to%20AG%20Bondi%20re%20Epstein.pdf [hereinafter "Durbin Letter"].

[12] *Id.*

20. Meanwhile, in July 2025, the *Wall Street Journal* reported that Trump had written and signed a letter to Epstein for inclusion in a book given to Epstein for his birthday in 2003.[13]

21. The letter was a suggestive poem written on a hand-drawn illustration of a naked woman.[14]

22. The poem closes with Trump's wish to Epstein: "may every day be another wonderful secret."

23. Trump signed the letter "Donald."

24. Trump has denied writing the letter.

25. In September 2025, Speaker of the House Mike Johnson claimed that Trump "was an FBI informant to try to take this stuff down," referring to FBI's investigation of Epstein, though Johnson's office later walked that back.[15]

26. The American people have a right to know whether the president was questioned by FBI in connection with the investigation into a convicted sexual predator, and what information regarding Epstein's crimes the President knew at the time.

27. As a prominent public official, Trump has a diminished privacy interest compared with other individuals.

---

[13] Khadeeja Safdar & Joe Palazzolo, *Jeffrey Epstein's Friends Sent Him Bawdy Letters for a 50th Birthday Album. One Was From Donald Trump.*, Wall Street J. (July 17, 2025, 6:45 PM), https://www.wsj.com/politics/trump-jeffrey-epstein-birthday-letter-we-have-certain-things-in-common-f918d796?mod=article_inline.

[14] Khadeeja Safdar et al., *A Visual Breakdown of the Trump Birthday Letter to Epstein*, Wall Street J. (updated Sept. 8, 2025, 4:34 PM), https://www.wsj.com/us-news/law/trump-jeffrey-epstein-letter-birthday-book-analysis-0bbeeaf6.

[15] Sam Levine, *Mike Johnson Claimed Trump was Anti-Epstein Informant, Then Retreated Amid Criticism*, The Guardian (Sept. 8, 2025, 9:34 AM), https://www.theguardian.com/us-news/2025/sep/08/mike-johnson-trump-epstein-fbi-informant.

28. On July 8, 2020, during the first Trump Administration, American Oversight sent a FOIA request to the FBI seeking records with the potential to shed light on whether Donald Trump was interviewed during the FBI's initial investigations into Epstein between 2006 and 2008.

29. The FBI refused to confirm or deny the existence of responsive records.

30. In light of the need to inform the public about this matter, Plaintiff American Oversight now brings this action against DOJ and the FBI under FOIA, 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA and the release of records responsive to American Oversight's FOIA request.

## JURISDICTION AND VENUE

31. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

32. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

33. American Oversight has exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

## PARTIES

34. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government

activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

35. Defendant FBI is a department of the executive branch of the U.S. government headquartered in Washington, DC, a component of DOJ, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). FBI has possession, custody, and control of records that American Oversight seeks.

36. Defendant DOJ is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOJ has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

37. On July 8, 2020, American Oversight sent a FOIA request to the FBI[16] bearing internal tracking number DOJ-20-1710, seeking the following records from January 1, 2006, through December 31, 2008:

   1. All FBI form 302s reflecting the content of any and all interviews of Donald J. Trump conducted as a part of the government's investigation of potential sexual abuse of minors, human trafficking, and related crimes committed by Jeffrey Epstein, Ghislaine Maxwell, and/or their associates during the period of 2006 through 2008. Specifically, this request seeks 302s from the investigation that led the U.S. Attorney's Office for the Southern District of Florida to enter a non-prosecution agreement with Jeffrey Epstein following extensive plea negotiations and in exchange for his offer to plead guilty to the Florida offenses

---

[16] American Oversight also sent this request to DOJ's Executive Office for United States Attorneys, which informed American Oversight that it had no responsive records. That request and determination is not at issue in this lawsuit.

   of solicitation of prosecution and procurement of minors to engage in prostitution. *See Doe No. 1 v. United States*, 749 F.3d 999, 1002 (11th Cir. 2014) (explanation of the background of the Epstein investigation, plea negotiations, and non-prosecution agreement).

2. All other records intended to summarize, memorialize, or record witness interviews or witness statements of Donald J. Trump collected or used in the investigation(s) described in Item 1, including written proffers, written summaries of oral proffers, transcripts or recordings of any witness interviews or statements, and any other record summarizing, memorializing, or reproducing the content of witness interviews or statements collected or used in connection with the above-described investigation.

*See* Ex. A.

38. On July 23, 2020, the FBI responded with what is commonly known as a *Glomar* letter, stating that "the FBI [would] neither confirm nor deny the existence of such records . . . ." Ex. B.

39. The FBI made this determination "pursuant to FOIA exemptions (b)(6) and (b)(7)(c)," because "[t]he mere acknowledgment of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Id*.

40. American Oversight appealed this determination on August 12, 2020, to DOJ's Office of Information Policy ("OIP"), pursuant to 28 C.F.R. Part 16.8, on the grounds that the public interest in disclosure of the existence of the records outweighed the private interest in non-disclosure where the privacy interest was significantly diminished because Trump was the President at the time and his connections with Jeffrey Epstein and Ghislaine Maxwell were already a matter of public record. *See* Ex. C.

41. On November 10, 2020, OIP's FOIA Appeals officer affirmed the FBI's action on American Oversight's FOIA request. *See* Ex. D.

*Exhaustion of Administrative Remedies*

42. By filing an administrative appeal pursuant to agency regulations, American Oversight has exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

43. American Oversight repeats the allegations in each of the foregoing paragraphs and incorporates them as though fully set forth herein.

44. American Oversight properly requested records within Defendants' possession, custody, and control.

45. Defendants are agencies subject to and within the meaning of FOIA, and they must therefore make reasonable efforts to search for requested records.

46. Defendants have failed to promptly and adequately search for agency records that are responsive to American Oversight's FOIA request.

47. The failure of Defendants to conduct adequate searches for responsive records violates FOIA.

48. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

49. American Oversight repeats the allegations in each of the foregoing paragraphs and incorporates them as though fully set forth herein.

50. American Oversight properly requested records within Defendants' possession, custody, and control.

51. Defendants are agencies subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide lawful reasons for withholding any materials.

52. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA request.

53. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA request.

54. Defendants' failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

55. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA request;

(2) Order Defendants to produce, within 20 days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA request with indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA request;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: October 7, 2025                                    Respectfully submitted,

*/s/ David Kronig*
David Kronig
D.C. Bar No. 1030649
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-3915
david.kronig@americanoversight.org
*Counsel for Plaintiff*