UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br><br>       Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *and* FEDERAL BUREAU OF INVESTIGATION<br><br>       Defendants. | Case No. 25-cv-03597 |

### DEFENDANTS' MOTION TO STRIKE THE COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(f), Defendants move to strike paragraphs 1-26 of the Complaint, ECF No. 1 as immaterial to any claim for relief under FOIA. Because Motions to Strike under Rule 12(f) are filed prior to responding to the offending pleading, this motion is filed in lieu of an answer.

### LEGAL STANDARD

Rule 12(f) is "the Court's means of enforcing Rule 8, which requires, among other things, that a pleading 'contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief' and that '[e]ach allegation . . . be simple, concise, and direct.'" *Khan v. Dep't of Homeland Sec.*, 22-cv-2480 (TJK), 2023 WL 6215359, at *9 (D.D.C. Sept. 25, 2023). The Rule permits a Court to "strike from a pleading . . . redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

"When a trial court concludes that an initial complaint fails to satisfy Rule 8, an appropriate remedy is to strike the complaint under Rule 12(f) and to provide the plaintiff with an opportunity to file an amended complaint that complies with the Rules." *Achagzai v. Broad.*

*Bd. of Governors*, 109 F. Supp. 3d 67, 69 (D.D.C. 2015). Although motions to strike are generally disfavored, "if allegations in a complaint are irrelevant and prejudicial to the defendant, a motion to strike will be granted." *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 457, 457 (D.D.C. 1994).

## ARGUMENT

## ALLEGATIONS IMMATERIAL TO THIS FOIA CLAIM SHOULD BE STRICKEN

FOIA complaints require the plaintiff only to plead that it made a FOIA request to a federal agency and did not, in its view, receive a timely or adequate response. "[A] typical complaint need allege only that the plaintiff filed a FOIA request, exhausted administrative remedies or waited the required period of time, and did not receive a satisfactory response from the agency." *ForestWatch v. U.S. Forest Serv.,* 775 F. Supp. 3d 353, 371 (D.D.C. 2025).

Here, however, the first 26 paragraphs of the Complaint go well beyond the legal requirements of a FOIA Complaint and instead reference irrelevant alleged factual material and editorialized statements. The allegations within those paragraphs do not relate to exhaustion of administrative remedies, the time that has passed since the request, or an agency response.

FOIA complaints are neither interrogatories to the agency nor press releases on behalf of advocacy organizations, and it prejudices the defendant to have to respond to allegations that are incendiary and immaterial. "Immaterial and impertinent matter is matter that is not materially relevant to any pleaded claim for relief or defense. More specifically, immaterial allegations are those unnecessary to establish the pleader's position in the case, or those which, if established at trial, would not entitle the pleader to, or aid her to obtain, the relief demanded." *Williams v. Chu*, No. 7-cv-901 (RBW), 2010 WL 11575517, at *2 (D.D.C. Sept. 30, 2010) (cleaned up). The material included in paragraphs 1-26 of the Complaint is irrelevant to the pleaded claims for

relief rendering it immaterial within the meaning of Rule 12(f). Although a plaintiff "may justly feel that these allegations, which he attempts to prove through FOIA requests, support his conclusion that his FOIA requests are of great importance, . . . [when] these allegations are irrelevant to the validity of [a plaintiff's] FOIA claims" a motion to strike is proper. *Robert v. Dep't of Just.*, No. 05-cv-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005), *aff'd as modified*, 439 F. App'x 32 (2d Cir. 2011).

Given the substantial number of irrelevant allegations in the present Complaint, the Court should grant the motion to strike. *See id.* (striking allegations in background section); *see also Khan*, 2024 WL 4164644, at *5 ("[T]he Court will strike the Amended Complaint but give Plaintiffs another chance to fix these problems by filing a second amended complaint."); *Wiggins*, 853 F. Supp. at 458 (granting motion to strike where "Plaintiff's allegations at issue fail to support plaintiff's legal claims against either defendant in this case"); *Todhunter, Mandava, & Assocs. v. I.C.C.I. (Holdings) Pty. Ltd.*, No. 88-cv-3031 (RCL), 1991 WL 166585, at *1 (D.D.C. Aug. 14, 1991) (granting motion to strike where "[t]he allegations which plaintiff presents in [certain paragraphs] are irrelevant to its fraud cause of action").

Counsel for the Government sought the position of opposing counsel via email on December 16. Opposing counsel represented that Plaintiff opposes the motion.

## CONCLUSION

For the above reasons, the Court should strike the immaterial allegations of the Complaint, and grant Plaintiff leave to re-file in accordance with the requirements of Rule 8.

Dated: December 17, 2025    Respectfully submitted,

STANLEY WOODWARD, Jr.
Associate Attorney General

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Jason K. Altabet*
JASON K ALTABET
Trial Attorney (Md. Bar No. 2211280012)
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L St. NW
Washington, DC 20005
Tel: (202) 305-0727
Email: jason.k.altabet2@usdoj.gov

*Counsel for Defendants*