IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT, <br><br> *Plaintiff*, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, *et al.* <br><br> *Defendants*. | Case No. 25-cv-3597-TJK |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO STRIKE THE COMPLAINT

Defendants Federal Bureau of Investigation ("FBI") and U.S. Department of Justice ("DOJ") ask this Court to take the drastic action of striking a portion of Plaintiff American Oversight's Complaint. The motion seeks to strike supported factual allegations pertinent to American Oversight's lawsuit—allegations which are not only relevant to American Oversight's underlying claims, but many of which are direct statements from Defendants or their leadership. The Court should reject this dilatory tactic, which is supported by neither the law nor the facts of this case, deny the instant motion, and order Defendants to file an Answer to American Oversight's Complaint within 10 days.

### BACKGROUND

This lawsuit concerns a Freedom of Information Act ("FOIA") request that American Oversight sent to the FBI on July 8, 2020, seeking FBI Form 302s and interview summaries from 2006 to 2008 of any interviews with Donald Trump conducted in connection with the FBI's investigation of potential sexual abuse of minors, human trafficking, and related crimes committed

by Jeffrey Epstein, Ghislaine Maxwell, and/or their associates and other records. ECF No. 1 ¶¶ 28, 37. The FBI issued a *Glomar* response, refusing to confirm or deny the existence of responsive records "pursuant to FOIA exemptions (b)(6) and (b)(7)(c)," on the grounds that "[t]he mere acknowledgment of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Id.* ¶¶ 38–39. American Oversight appealed this determination, but the appeal was denied. *Id.* ¶¶ 40–41.

American Oversight filed the Complaint in this matter on October 7, 2025, ECF No. 1, which included a background section providing context for the FOIA request, support necessary to rebut Defendants' likely privacy and exemption claims, and support for potential claims relating to attorneys' fees. The background section includes citations to and quotations from: news reports from 2020 and earlier quoting Trump's commentary on the Epstein and Maxwell cases, *id.* ¶¶ 3–5, 7; statements from Attorney General Pam Bondi and FBI Director Kash Patel, *id.* ¶¶ 10–11; a memo issued jointly by DOJ and FBI regarding the Epstein file review conducted by the current Administration, *id.* ¶¶ 14–16; a letter from U.S. Senator Richard Durbin, *id.* ¶¶ 17–18; and recent reporting further detailing the personal relationship between Donald Trump and Jeffrey Epstein, *id.* ¶¶ 20–25. Instead of answering American Oversight's straightforward 11-page Complaint, *see* ECF No. 1, on December 15, 2025, Defendants filed this non-dispositive motion to strike routine, relevant background allegations from the Complaint. *See* ECF No. 7.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading" only "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defendant moving under Rule 12(f) must meet a "high standard for prevailing on a motion to strike" by

2

demonstrating that allegations are both "irrelevant" and "prejudicial to the defendant." *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 457, 457 (D.D.C. 1994).

"Courts disfavor motions to strike." *Aftergood v. C.I.A.*, 355 F. Supp. 2d 557, 565 (D.D.C. 2005). "Such motions are disfavored because, so long as the complaint states a claim and is otherwise legally sufficient, the efforts of the parties and the attention of [the] court are better spent on the substantive merits of the action rather than the contents of the pleadings." *Makuch v. F.B.I.*, No. CIV.A. 99-1094 RMU, 2000 WL 915767, at *1 (D.D.C. Jan. 7, 2000). Motions to strike only a portion of a pleading are also "disfavored 'because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory tactic.'" *Id.* (quoting 5A Wright & Miller § 1380). "Thus, absent a 'strong reason for so doing,' courts will generally 'not tamper with pleadings.'" *Aftergood*, 355 F. Supp. 2d at 565 (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)). In considering a motion to strike, courts should "draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denying the motion to strike." *Id.*

## ARGUMENT

Defendants' motion serves no purpose other than to delay the processing and production of documents responsive to American Oversight's FOIA requests. The motion to strike should be denied because (1) Defendants fail to show that the challenged allegations are irrelevant; and (2) even if the allegations *were* irrelevant, Defendants fail to show any prejudice in having to respond to them. *See, e.g.*, *Makuch*, 2000 WL 915767, at *2; *Williams v. Chu*, No. CV 07-901 (RBW), 2010 WL 11575517, at *2 (D.D.C. Sept. 30, 2010) ("[A]lthough the court may find that some

3

allegations are arguably irrelevant, impertinent or immaterial to the plaintiff's claim, if they are not scandalous or prejudicial to the defendant, the motion to strike will be denied.").

> I. **The Challenged Paragraphs Are Relevant to Defenses Likely to be Raised by Defendants and to Plaintiff's Entitlement to Attorneys' Fees.**

The challenged paragraphs are relevant to American Oversight's claims in at least two ways. *First*, the allegations are relevant to the exemptions claimed by Defendant FBI in its denial of the FOIA request in the first instance. *Second*, by succinctly demonstrating the widespread interest in the requested records, the allegations support Plaintiff's claim for attorneys' fees. Thus, the challenged paragraphs are entirely "relevant to [the] pleaded claim[s] for relief or defense" in this action, *Makuch*, 2000 WL 915767, at *2, and this motion must fail.

Defendants turn the caselaw describing a typical FOIA complaint on its head to argue that a FOIA complaint *must* be a barebones document containing allegations solely related to the "exhaustion of administrative remedies, the time that has passed since the request, or an agency response," ECF No. 7 at 2, and that any additional material is irrelevant. This is wrong. Defendants' argument misstates the law in an attempt to unfairly hamstring FOIA plaintiffs. Allegations in a complaint are only "immaterial and impertinent"—and thus subject to a potential motion to strike—where they are "not materially relevant to *any pleaded claim for relief or defense*." *Makuch*, 2000 WL 915767, at *2 (emphasis added). "[M]otions to strike are generally reserved for when it is clear that the allegations in question can have *no possible bearing* on the subject matter of the litigation." *Khan v. Dep't of Homeland Sec.*, No. CV 22-2480 (TJK), 2024 WL 4164644, at *5 (D.D.C. Sept. 12, 2024) (emphasis added) (internal quotation omitted). Here, Plaintiff's allegations in paragraphs 1–26 easily overcome that threshold.

In both its initial denial and its denial of American Oversight's administrative appeal, FBI issued a *Glomar* response, refusing to confirm or deny the existence of responsive records pursuant

4

to FOIA exemptions b(6) and b(7)(C). ECF No. 1 ¶¶ 38–39. Many of the challenged allegations relate directly to the validity of this response. To contest a *Glomar* response, "[a] plaintiff may challenge the agency's assertion that confirming or denying the existence of any records would result in a cognizable harm under a FOIA exemption." *Agility Pub. Warehousing Co. K.S.C. v. Nat'l Sec. Agency*, 113 F. Supp. 3d 313, 326 (D.D.C. 2015).

Here, therefore, whether there is cognizable harm that justifies Defendants' refusal to confirm or deny the existence of responsive records will require b(6) and b(7)(C) analyses, balancing the claimed "privacy interest against the public interest in disclosure." *Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 171 (2004). The citations to numerous media articles reporting on the connection between Trump and Epstein are directly relevant to showing the public interest in the case. *See* ECF No. 1 ¶¶ 3–8, 20–25. Likewise, public statements from Trump, Attorney General Bondi, and FBI Director Patel that claimed intent to fully release the Epstein files, *id.* ¶¶ 8–11, Defendants' own memo describing the substantial undertaking to review the Epstein case, *id.* ¶¶ 13–16, and the letter from Senator Durbin about that review, *id.* ¶¶ 17–18, all demonstrate the overwhelming public interest in disclosure.

Furthermore, under exemption 7(C), high-ranking government officials have a reduced privacy interest. *See Quinon v. F.B.I.*, 86 F.3d 1222, 1230 (D.C. Cir. 1996) ("Government officials may have a somewhat diminished privacy interest"); *Kimberlin v. Dep't of Just.*, 139 F.3d 944, 949 (D.C. Cir. 1998) ("the rank of the public official involved" is relevant to public interest analysis). The same rationale would apply under exemption 6. And the privacy interest in avoiding confirming a person's connection to a criminal investigation is reduced where the connection is already known. *Jud. Watch, Inc. v. U.S. Dep't of Just.*, 394 F. Supp. 3d 111, 118 (D.D.C. 2019). The challenged allegations speak directly to that connection. They include quotations from Trump

admitting to meeting Maxwell on several occasions and wishing her well, ECF No. 1 ¶¶ 3–5; public reporting on Trump's longstanding connections to Epstein, *id.* ¶¶ 6–7, 20–25; and public statements by Trump on the Epstein investigation, *id.* ¶ 8. Thus, the allegations are relevant to rebutting any claimed privacy interest in refusing to confirm or deny the existence of responsive records.

The allegations Defendants seek to strike are also potentially relevant to an award of attorneys' fees. Under FOIA, a plaintiff seeking recovery of fees must demonstrate both its eligibility for fees by showing that it has substantially prevailed, as well as its entitlement to fees. *McKinley v. Fed. Hous. Fin. Agency*, 739 F.3d 707, 710 (D.C. Cir. 2014). Entitlement is a multifactor analysis, which includes an assessment of the "public benefit derived from the case." *Id.* at 711. The public benefit analysis "requires an *ex ante* assessment of the potential public value of the information requested, with little or no regard to whether any documents supplied prove to advance the public interest." *Morley v. C.I.A.*, 810 F.3d 841, 844 (D.C. Cir. 2016). Thus, citations to public statements from Administration officials and a formal memo published by Defendants, news coverage of the longstanding relationship between Trump and Epstein, and a letter from a U.S. Senator are all relevant to show that the subject matter of the FOIA requests is of significant public importance and public interest. *See id.* ("[T]he more valuable the new information that could be generated, the more potential public value a request has. The nature of the subject that the request seeks to illuminate is obviously important.").

Accordingly, because American Oversight's allegations are directly relevant to the claims and defenses in this action, the Court should decline Defendants' extraordinary request to strike portions of the Complaint.

## II.  The Motion Should Be Denied Because Defendants Have Shown No Prejudice.

Even if the allegations in paragraphs 1–26 of the Complaint *were* irrelevant—which, as demonstrated, they are not—Defendants' motion must still fail because Defendants make no showing of prejudice. *Makuch*, 2000 WL 915767, at *2 ("[C]ourts view motions to strike portions of a complaint with such disfavor that many courts will grant such a motion only if the portions sought to be stricken as immaterial are also prejudicial or scandalous."); *Wiggins*, 853 F. Supp. at 457 (noting the "high standard for prevailing on a motion to strike" requiring allegations be both "irrelevant" and "prejudicial to the defendant"). Thus, even where a "complaint is considerably more detailed than necessary and includes allegations that may ultimately prove irrelevant, these flaws are not so egregious as to warrant striking the pleading." *See Sai v. Transportation Sec. Admin.*, No. CV 14-403 (RDM), 2015 WL 13889866, at *5 (D.D.C. Aug. 19, 2015).

Defendants' only attempt to demonstrate prejudice is a half-sentence conclusory assertion that "it prejudices the defendant to have to respond to allegations that are incendiary and immaterial." ECF No. 7 at 2. This is plainly insufficient. First, as discussed *supra*, the allegations *are* relevant. Second, throughout their motion, Defendants do not point to a single allegation that is supposedly "incendiary." Indeed, Defendants' reference to "incendiary" allegations is particularly absurd given that many of the challenged paragraphs are direct quotes from administration officials and Defendants themselves. And third, answering the challenged paragraphs in American Oversight's carefully pleaded 11-page Complaint is the stuff of routine litigation, not prejudice that supports the drastic measure of striking portions of the Complaint. *See Sai*, 2015 WL 13889866, at *5 ("[R]equiring the government to respond to a 33-page complaint will not work an injustice or prejudice the TSA."). At most, answering the challenged allegations will require Defendants to acknowledge the existence of: (1) public statements from agency heads; (2) a memo issued by Defendants themselves; (3) a letter from a sitting U.S. Senator; and (4) public

7

reporting on the relationship between Trump and Epstein. Anything else could have simply been denied or, if necessary, portrayed as a conclusion or characterization to which no response was necessary.

Accordingly, because Defendants have failed to make any showing of prejudice, their request for the drastic remedy of striking only a portion of the Complaint must likewise fail. *See Makuch*, 2000 WL 915767, at *1.

## CONCLUSION

For the above reasons, the Court should deny Defendants' motion to strike paragraphs 1–26 of the Complaint and order Defendants to Answer the Complaint within 10 days.

Dated: January 16, 2026                                      Respectfully submitted,

*/s/ David Kronig*
David Kronig
D.C. Bar No. 1030649
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-3915
david.kronig@americanoversight.org
*Counsel for Plaintiff*