# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br><br>        *Plaintiff*,<br><br>  v.<br><br>FEDERAL BUREAU OF INVESTIGATION et al.,<br><br>        *Defendants*. | Civil Action No. 25-3597 (TJK) |

## ORDER

On December 17, 2025, Defendants moved to strike part of the complaint in this FOIA case. ECF No. 7. Defendants allege that the allegations at issue reference "irrelevant alleged factual material and editorialized statements," which prejudice Defendants to have to respond to and are not relevant to Plaintiff's FOIA claims. *Id.* at 2. Plaintiff, in turn, argues that the "background section" of the complaint "provid[es] context for the FOIA request, support necessary to rebut Defendants' likely privacy and exemption claims, and support for potential claims relating to attorneys' fees." ECF No. 9 at 2.

The Court may strike portions of a pleading under Rule 12(f) that are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Motions to strike complaints are "disfavor[ed]." *Aftergood v. CIA*, 355 F. Supp. 2d 557, 565 (D.D.C. 2005). Striking a portion of a pleading may be appropriate when "allegations in a complaint are irrelevant and prejudicial to the defendant." *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 457, 457 (D.D.C. 1994). But "motions to strike are generally reserved for when it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." *Khan v. DHS*, No. 22-cv-2480 (TJK), 2024 WL 4164644, at *5 (D.D.C. Sept. 12, 2024) (internal quotation omitted).

The Court finds that, on balance, striking the paragraphs at issue—which amount to only about five pages of material—is unwarranted.  Most of them simply allege that administration officials made certain publicly reported statements or took certain publicly reported actions.  And the allegations themselves are hardly scandalous or prejudicial.  Moreover, it appears that Defendants have had to respond to most of them in another case already, minimizing any additional possible prejudice to them.  *See* Answer to Complaint, ECF No. 11, at 1–4, *American Oversight v. DOJ*, No. 25-cv-3200 (D.D.C. Feb. 2, 2026).  Finally, while the parties dispute the relevance of the allegations, the Court cannot say at this stage that they have no possible bearing on the litigation; some may end up being relevant to the application of certain FOIA exemptions or whether an award of attorneys' fees is appropriate.  *See, e.g.*, *DOJ v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 758 (1989) (FOIA balancing test considers of privacy interest versus public interest in disclosure).

For all the above reasons, it is hereby **ORDERED** that Defendants' Motion to Strike, ECF No. 7, is **DENIED**.  It is further **ORDERED** that Defendants shall answer or otherwise respond to the complaint by February 19, 2026.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: February 9, 2026